26 F.3d 127
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Darryl MERRITT-BEY; Liddell Wilson-Bey; Derrick
Merritt-Bey; Craig Jones-Bey; Samuel Taylor-
Bey; Milton V. Griffin-El, Appellants,
v.
Paul DELO; Gary Tune; Jodie Jackson, Appellees.
 No. 93-2194.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: May 12, 1994.
Filed: June 17, 1994.
 
 Before McMILLIAN, MAGILL, and BEAM, Circuit Judges.
 PER CURIAM.
 
 
 1
 Inmates Darryl Merritt-Bey, Liddell Wilson-Bey, Derrick Merritt-Bey, Samuel Taylor-Bey, Craig Jones-Bey, and Milton V. Griffin-El (plaintiffs) appeal the district court's[1] order granting summary judgment in favor of defendant prison officials in this 42 U.S.C. Sec. 1983 action. We affirm.
 
 
 2
 Plaintiffs are members of the Moorish Science Temple of America, Inc., Branch Temple # 1, who are incarcerated at the Potosi
 
 
 3
 Correctional Center. They alleged that religious groups receive funds from the prison canteen, but defendants allocate disproportionately less canteen money to them than to other religious groups. Plaintiffs further alleged that defendants refuse to order religious materials for them from Temple # 1, instead ordering materials defendants know are unacceptable to plaintiffs from Temple # 43, an unaffiliated religious organization. Plaintiffs additionally alleged that defendants deny them (unlike other religious groups) (1) access to certain electronic equipment, (2) broadcasting privileges on the prison cable channel, and (3) representation on the canteen committee (which determines allocation of canteen funds for religious purposes). Plaintiffs claimed violations of their free exercise and equal protection rights.
 
 
 4
 The district court granted defendants' motion for summary judgment on the free exercise claim because plaintiffs did not establish how failure to buy materials with canteen funds from Temple # 1 infringed on their practice of religion. The district court also held that plaintiffs failed to establish an equal protection violation based on the make-up of the canteen committee, and that prison officials are not constitutionally required to equally allocate resources and facilities among religious groups.
 
 
 5
 This court reviews de novo the grant of summary judgment and examines the record in the light most favorable to plaintiffs. See United States ex rel. Glass v. Medtronic, Inc., 957 F.2d 605, 607 (8th Cir. 1992).
 
 
 6
 Since the time the district court entered judgment, Congress enacted the Religious Freedom Restoration Act of 1993 (RFRA), 42 U.S.C. Secs. 2000bb-2000bb-3 (reinstating compelling-interest test in place of reasonable-relationship test). We need not decide the effect of the RFRA upon this case because it does not affect the outcome. We never reach the balancing test because the plaintiffs did not make a threshold showing that their exercise of religion was substantially burdened, see 42 U.S.C. Sec. 2000bb-1, or actually infringed. See Turner v. Safley, 482 U.S. 78, 89 (1987) (reasonable-relationship test applies "when a prison regulation impinges on inmates' constitutional rights"); Iron Eyes v. Henry, 907 F.2d 810, 813 (8th Cir. 1990) (before applying "reasonableness" test, inmate must initially show challenged regulation does in fact infringe upon religious belief, referencing Hill v. Blackwell, 774 F.2d 338 (8th Cir. 1985)). Plaintiffs did not allege that they were unable to obtain the requested materials on their own without canteen funds, nor did they allege that the practice of their faith depended upon the requested materials. Absent this threshold showing, plaintiffs' free exercise claim could not survive defendants' motion for summary judgment.
 
 
 7
 The equal protection claim lacks merit because plaintiffs did not establish that defendants failed to treat similarly situated persons alike. See Abdullah v. Gunter, 949 F.2d 1032, 1037 (8th Cir. 1991), cert. denied, 112 S. Ct. 1995 (1992). Plaintiffs did not rebut defendants' affidavit that no religious group enjoys representation on the canteen committee, access to video equipment, or broadcast privileges. Furthermore, defendants do not have a constitutional obligation to equally allocate resources among all religious groups. See Butler-Bey v. Frey, 811 F.2d 449, 453-54 (8th Cir. 1987).
 
 
 8
 Accordingly, we affirm the judgment of the district court.
 
 
 9
 A true copy.
 
 Attest:
 
 10
 CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.
 
 
 
 [1]
 The Honorable Catherine D. Perry, United States Magistrate Judge for the Eastern District of Missouri, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. Sec. 636(c)